## WILLIAM R. REDDING v. ROBERT L. REDDING'S EXECUTORS AND HEIRS.

The 14th Section of the Statute of Limitations of 1841, (Hart. Dig. Art. 2390,) bars the right of entry into any real estate after ten years from the accrual of the right, but it applies only to cases in which the other party has been in adverse possession.

The Statute of Limitations does not run against a trust, while it is acknowledged by the trustee. Nor does the objection of stale demand apply in such cases.

Where the trustee died, and the *cestui que* trust brought his action within five years against the executor and heirs, pleas of the Statute of Limitations and stale demand were overruled.

Appeal from Travis. Suit for partition, commenced March 31st, 1854, by appellant against appellees. The purchase from Wallace by Wm. R. Redding was in 1839, and the subsequent arrangement whereby the legal title was placed in the name of Robert L. Redding, was made three or four years afterwards. A jury was waived.

*Rutherford, Hamilton, Chandler* and *Walton* for appellant.

*Jones* and *Armington,* for appellees.

HEMPHILL, CH. J. The facts show conclusively, that James P. Wallace transferred to various individuals the whole of a certificate for a league of land derived from the Government, and that, among other assignments, he executed a bond to make title to Wm. R. Redding, the appellant, for five hundred acres of the land ; that the certificate was lifted from the first location, and all the obligations and bonds, executed by Wallace for portions of the land, were surrendered to Wallace, and he, Wallace, transferred the entire certificate to Robert

L. Redding (who is now deceased and is represented by the appellees) with the express understanding between all parties, that the said Robert would locate the certificate upon a league of land in Travis county, selected by Henry Crocheron, for which location Crocheron was to have one-half of the land, and the remaining half was to be divided between the said Wm. R. and Robert L. Redding, so that Wm. R. was to receive about four hundred acres, being his proportion of the land,—the amount which he was to receive being diminished from the fact that one-half was given for the last location, whereas but one-fourth was allowed for the first; that Robert L. Redding expressly agreed to make these conveyances to the parties, and it was with this understanding that the certificate was assigned to him. A patent for the land was issued to Robert L. Redding in 1847, and recorded in the County Clerk's office in March, 1849 ; and it was fully proven that up to the time of his death, in 1849, the said Robert L. Redding admitted that Wm. R. Redding was entitled to four hundred acres out of the land in question, for which he was willing to execute a conveyance, but claimed that he should have the right of selection.

After the death of Robert L. Redding, in June or July, 1849, the land was inventoried by his executor, and controlled as a portion of his estate, paying all taxes due thereon. The appellant knew of the inventory and the charge and control by the said executor, but never mentioned his claim to the executor until a short time before the institution of suit. There was no possession ever had or taken of the land, either by Robert L. Redding in his lifetime, or by his executor, or the appellees, who were his wife and children, subsequently to his death.

The only question is, whether the claim of Wm. R. Redding was barred by the Statute of Limitations. It certainly was not affected by any of the provisions under which adverse possession is allowed to bar an action or secure title to lands. There was no possession adverse or otherwise ; nor can the

aid of the 14th Section be invoked by the appellees. This bars the right of entry within ten years, but it applies only to cases in which the other party has beeen in adverse possession. For where there is no adverse possession no entry is necessary to preserve or continue the right.

The land claimed by the appellant, Wm. R. Redding, was held in trust for him by Robert L. Redding during his life. This trust was not constructive, or resulting, but was an express trust, and was always acknowledged by Robert L. Redding, and was admitted by him shortly before his death, and the trust as it existed during his life, descended to his heirs at his death, and to his wife as surviving partner of the community. It has never been expressly disavowed or repudiated by them. But it has been virtually denied by the executor ; and this, in effect, amounted to a repudiation on the part of the heirs.

Now it is very true that the appellant might, and perhaps in propriety should, have exhibited more diligence in the prosecution of his claim ; but he has been guilty of no such laches as to operate a bar in law. The suit was instituted within less than five years after the death of the trustee, and there was no pretension to an adverse claim previous to his death. The land claimed by Wm. R. Redding was his in full property. Robert L. Redding had at no time any equitable right to this portion of the land. He had, it is true, the legal title, but that was by express arrangement for the convenience of the parties, and operated doubtless more to the advantage of Robert L. than it did to that of Wm. R. Redding.

The utmost limit of the adverse claim was thus less than five years, which elapsed between the death of Robert L., and the institution of this suit ; and we are of opinion that under the circumstances, this was wholly insufficient to defeat the claim of the appellant. (Hemming v. Zimmerschitte, 4 Texas ; De Cordova v. Smith, 9 Texas.) The judgment is reversed, and such judgment will be rendered here as should have been rendered below.

Reversed and re-formed.